UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| JAMES KEITH LARRY, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Case No. 3:12-cv-04201-VEH-JEO |
| ) | |
| SANDRA GILES and ) | |
| THE ATTORNEY GENERAL OF ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents ) | |

## MEMORANDUM OPINION

On April 28, 2015, the magistrate judge's report and recommendation (doc. 23) was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On May 13, 2015, Petitioner filed objections (doc. 25) to the magistrate judge's report and recommendation. The matter is thus before the undersigned for decision.

### DISTRICT COURT REVIEW OF REPORT AND RECOMMENDATION

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th

Cir.1982)).[1] The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*. This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).

In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006).[2]

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *U.S. v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F. 3d 1287, 1292 (11th Cir. 2009).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n. 8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary

rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id*. (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

### PETITIONER'S OBJECTIONS

Although the Petitioner filed lengthy objections, the only objection that is not merely a repetition of matters considered and correctly decided by the magistrate judge is Petitioner's argument that the facility in which he was incarcerated "at the time [he] was to prepare his petition for writ of certiorari to the Alabama Supreme Court ... suffered a direct hit from a tornado" (Doc. 25 at p.3) and that this fact is "cause" excusing his procedural default of failing to timely seek certiorari review by the Alabama Supreme Court.

Assuming without deciding that Petitioner is correct that he has shown "cause", the magistrate judge nonetheless correctly found procedural default, as Petitioner has wholly failed to show "prejudice." That is, Petitioner has failed to "show that there is at least a reasonable probability that the result of the proceeding would have been different"[3] if he had timely filed his petition for writ of certiorari.

### CONCLUSION

---

[3] *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2013) (citation omitted).

After careful consideration of the record in this case, the magistrate judge's report and recommendation, and the petitioner's objections thereto, the court hereby **ADOPTS** the report of the magistrate judge. The court further **ACCEPTS** the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 22nd day of June, 2015.

                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge